Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **JANUARY 2022**  **001469** |
| E-Filing Number: 2201034697 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MARIE BOURSIQUOT | PENNSYLVANIA STATE POLICE |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 624 YEADON AVENUE YEADON PA 19050 | 2201 BELMONT AVENUE PHILADELPHIA  PA 19131 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | JOHN A. WAIDA |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 15 UNAMI TRAIL CHALFONT PA 18914 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  |  |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  |  |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal  [ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less  [X] More than $50,000.00 | [ ] Arbitration  [X] Jury  [ ] Non-Jury  [ ] Other: | [ ] Mass Tort  [ ] Savings Action  [ ] Petition | [ ] Commerce  [ ] Minor Court Appeal  [ ] Statutory Appeals | [ ] Settlement  [ ] Minors  [ ] W/D/Survival |

**CASE TYPE AND CODE**

20 - PERSONAL INJURY - OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY** JAN **19** 2022 **S. RICE** | IS CASE SUBJECT TO COORDINATION ORDER? YES   NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MARIE BOURSIQUOT

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| LARRY E. BENDESKY | SALTZ MONGELUZZI & BENDESKY P. 1650 MARKET STREET 52ND FLOOR PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)575-2952 | (215)496-0999 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 51026 | lbendesky@smbb.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| LARRY BENDESKY | Wednesday, January 19, 2022, 11:05 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**SALTZ MONGELUZZI & BENDESKY P.C.**
BY: LARRY BENDESKY/ROBERT W. ZIMMERMAN/
JORDAN L. HOWELL
IDENTIFICATION NO: 51026/208410/317159
1650 MARKET STREET
52ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 496-8282

ATTORNEYS FOR PLAINTIFF



Filed and Attested by the
Office of Judicial Records
19 JAN 2022 11:05 am
S. RICE

| | |
|---|---|
| **MARIE BOURSIQUOT**<br>624 Yeadon Avenue,<br>Yeadon, PA 19050<br><br>*Plaintiff,*<br><br>v.<br><br>**PENNSYLVANIA STATE POLICE**<br>2201 Belmont Avenue<br>Philadelphia, PA 19131<br><br>*And*<br><br>**JOHN A. WAIDA**<br>15 Unami Trail<br>Chalfont, PA 18914-3203<br><br>*Defendants.* | PHILADELPHIA COUNTY COURT OF COMMON PLEAS CIVIL DIVISION<br><br><br>JANUARY TERM, 2022<br><br>NO.:<br><br>**JURY TRIAL DEMANDED** |

<u>**COMPLAINT – CIVIL ACTION**</u>

| "NOTICE | "AVISO |
|---|---|
| "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | "Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) días, a partir de recibir esta demanda y la notificación para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio ontra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir culquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted. |

| | |
|---|---|
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.<br><br>IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.<br><br>PHILADELPHIA BAR ASSOCIATION<br>LAWYER REFERRAL and INFORMATION SERVICE<br>One Reading Center Philadelphia, Pennsylvania 19107<br>(215) 238-1701 | USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE<br><br>LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.<br><br>ASSOCIACION DE LICENDIADOS DE FILADELFIA SERVICO DE REFERENCA E INFORMACION LEGAL<br>One Reading Center Filadelfia, Pennsylvania 19107<br>Telefono: (215) 238-1701 |

## PARTIES

1.     Plaintiff, Marie Boursiquot ("Ms. Boursiquot"), is an adult individual residing at 624 Yeadon Avenue in Yeadon, PA 19050.

2.     Defendant, Pennsylvania State Police ("PSP"), is an agency of the Commonwealth of Pennsylvania ("the Commonwealth"), organized and existing under the laws of the Commonwealth, charged with enforcement of the Commonwealth's criminal and traffic laws, with its principal place of business located at 1800 Elmerton Avenue, Harrisburg, PA 17110.

3.     At all times material hereto, PSP purposefully established significant contacts in Pennsylvania, carried out, and continues to carry out, substantial, continuous, and systematic activities in Pennsylvania, and regularly conducts business in the City and County of Philadelphia at Troop K located at 2201 Belmont Avenue, Philadelphia, PA 19131.

4.     Defendant, John A. Waida ("Defendant Waida"), is an adult individual residing at 15 Unami Trail, Chalfont, Pennsylvania 18914.

5.     Defendant Waida is an employee and State Trooper of Defendant PSP, and Defendant

Waida is sued in his individual capacity.

6.    At all times material hereto, Defendant Waida was acting in his own individual capacity in the scope and course of his employment as a State Trooper for the PSP.

7.    At all times material hereto, Defendant PSP was acting by and through its agent and/or employee, Defendant Waida, who was acting within the scope of his agency and/or employment for Defendant PSP.

8.    Jurisdiction and Venue are proper in the Court of Common Pleas of Philadelphia County as State law intentional and negligence torts and otherwise violative conduct occurred in Philadelphia County.

9.    On June 23, 2020, Ms. Boursiquot suffered catastrophic injuries as a result of negligent, reckless, and deliberate conduct by a Trooper of the PSP in violation of the United States Constitution secured pursuant to 42 U.S.C. §§ 1983 and 1988. Her permanent and debilitating injuries are another example of the PSP and its policy makers' failure to properly train, supervise, screen, discipline, transfer, or otherwise control its troopers.

10.    Mr. Boursiquot's unnecessary and avoidable injuries were caused by the PSP's failure to enact, implement, and train on proper procedures for operation of its vehicles and/or its improper pattern and practice of dangerously and improperly responding to incidents.

## PSP DIRECTIVES

11.    Chapter 11, subsection D, of the PSP protocols provides incident response priority codes for how PSP Troopers should respond to various types of incidents.

12.    The protocol categorizes incidents in three categories: Priority 1, Priority 2 and Priority 3.

13.    Priority 3 incidents are defined as "Routine incidents requiring a normal, timely response…" Per the protocol, an example of a Priority 3 incident is "any traffic crash or problem of a non-emergency nature."

14.    Priority 2 incidents are defined as "Urgent incidents requiring a prompt response to a serious but non-emergency incident by the most expedient route using no emergency lights or siren. Per the

protocol, an example of a Priority 2 incident is "reported or suspected non-violent crimes in progress where a prompt response is likely to result in the apprehension of a suspect or securing of evidence."

15.     Priority 1 incidents are defined as "Emergency incidents requiring a maximum response by the most expedient route. In most cases, this response will include use of emergency lights and sirens. A priority 1 response does not, however, relieve members of the duty to operate their vehicle with due regard for the safety of others. Priority one incidents involve life-threatening situations." Per the protocol, an example of a Priority 1 incident is "any violent felony in progress" or "serious personal injury traffic crashes."

16.     Chapter 11, subsection D(2) allows Troopers to use only emergency lights during Priority 1 response "when officer or victim safety may be jeopardized by use of the siren" but reminds Troopers "that use of emergency lighting only does not allow the exercise of special privileges extended to drivers of emergency vehicles by Title 75, Vehicle Code."

**FACTUAL BACKGROUND**

17.     On the afternoon of June 23, 2020, Ms. Boursiquot was driving home after working her shift as a Certified Nursing Assistant at the Simpson House in Philadelphia.

18.     At the same time, Troop K of the PSP received a call on its "non emergency line" for "2 Vehicle in the Right Lane" that was reported by a PennDoT traffic camera.



### PENNSYLVANIA STATE POLICE
### CAD CALL HARDCOPY

| CP 2020-877864 | Reported: Jun-23-2020 16:00:10 |
| --- | --- |

**Incident Location**
    Address : **8 I676 W**
    City : **PHILADELPHIA CITY (PHILADELPHIA)**
    Troop/Station : **K01**   Zone : **K0142**

**General Information**
    Report number: **2020-877864**
    Case Type : **MVC - REPORTABLE, NO INJURIES**   Priority : **2**
    Dispatch : **Jun-23-2020 16:04:27**
    Enroute : **Jun-23-2020 16:04:27**
    At Scene : **Jun-23-2020 16:11:18**
    Cleared : **Jun-23-2020 16:20:31**
    How call received : **NON EMERGENCY LINE**
    Unit ids : #1 - **K124**  #2 - **K135**  #3 - **K137**
    Call taker ID : **648303 LATORRE,C**

**Complainant Information**
    Name : **PENNDOT**
    State : **PA**
    Remarks :
        **Jun-23-2020 16:00:10 - 2 VEHICLE IN RIGHT LANE**
        **CAMERA 674**

**Clearance Information**
    Remarks :
        **CLEARED HWY. GOA**

    Final Case type : **MVC - GONE ON ARRIVAL**      **CC**
    Report expected : **No**   Founded : **Yes**
    Cleared by : **CLOSED CAD CALL**
    Reporting Officer1 : **744355 - GAMBER, KEITH**
    Reporting Officer2 : **700052 - KULPAK, KARL**

*PSP CAD Report Reflecting "Non-Emergency" Call that Defendant Waida was Responding to When He Crashed into Plaintiff's Vehicle*

19.      Troop K of the PSP failed to properly code the incident report as a "Priority 3;" and instead the PSP coded it improperly as a "Priority 2."

20.      Defendant Waida was tasked with responding to the non-emergency call in Philadelphia.

21.      Per PSP policy, regardless of whether it was Priority 2 or 3, Defendant Waida was to respond to the non-emergent traffic incident non-emergently, without lights and sirens.

22.      Defendant Waida was not in a rush to respond to the non-emergency call as evidenced by a slow and deliberate walk out to his PSP vehicle, parked in the station parking lot at the Troop K location in Philadelphia.



*Defendant Waida Walking out to the PSP Vehicle to Respond to the Non-Emergent Traffic Incident.*[1]

23.     Defendant Waida got into his vehicle and exited the Troop K station parking lot.

24.     Immediately after exiting the parking lot, Defendant Waida negligently and recklessly drove in the oncoming lane of traffic at over 80mph which is more than double the speed limit of 35mph.

25.     Defendant Waida failed to use the emergency sirens that were equipped in the PSP vehicle, while driving in the opposite direction of the lane of travel and while driving more than double the speed limit.

---

[1] The date and time on PSP's dashboard camera, "01/05/09," and "20:44" are incorrect. The actual date and time are, June 23, 2020 at approximately 4:00pm.



*PSP dashboard camera showing Defendant Waida driving on the wrong side of the road with only his lights activated, seconds before crashing into Ms. Boursiquot.*

26.     Despite the fact that the speed limit on Belmont Avenue was 35mph, Defendant Waida was driving excessively fast, without his sirens on, reaching speeds of 81mph one second before the devastating crash.

| Times (sec) | Speed, Vehicle Indicated (MPH [km/h]) | Accelerator Pedal, % Full | Service Brake, On/Off | Engine RPM | ABS Activity (Engaged, Non-Engaged) | Brake Powertrain Torque Request |
|---|---|---|---|---|---|---|
| - 5.0 | 66 [107] | 97.0 | Off | 5.238 | non-engaged | No |
| - 4.5 | 68 [110] | 96.5 | Off | 5.354 | non-engaged | No |
| - 4.0 | 70 [113] | 96.4 | Off | 5.492 | non-engaged | No |
| - 3.5 | 72 [116] | 97.1 | Off | 5.654 | non-engaged | No |
| - 3.0 | 74 [119] | 97.7 | Off | 5.766 | non-engaged | No |
| - 2.5 | 76 [122] | 97.7 | Off | 5.896 | non-engaged | No |
| - 2.0 | 78 [125] | 97.7 | Off | 6.040 | non-engaged | No |
| - 1.5 | 80 [128] | 96.4 | Off | 6.152 | non-engaged | No |
| - 1.0 | 81 [130] | 47.0 | Off | 6.244 | non-engaged | No |
| - 0.5 | 80 [129] | 0.0 | On | 4.774 | non-engaged | No |
| 0.0 | 63 [102] | 0.0 | On | 3.730 | engaged | No |

*PSP Vehicle's Data Recorder Reflecting Defendant Waida's Reckless Speed in each of the Seconds Before the Crash*

27.     Defendant Waida failed to properly engage his brakes prior to slamming his vehicle into Ms. Boursiquot's vehicle.

28.     Ms. Boursiquot's vehicle was broad-sided by Defendant Waida's PSP vehicle that was negligently and recklessly speeding down Belmont Avenue.

29.     Defendant Waida's PSP vehicle slammed into the passenger side of Ms. Boursiquot's vehicle with such force that Ms. Boursiquot's vehicle rolled approximately four times before coming to rest.



*Ms. Boursiquot's Vehicle After Impact*

30.     Defendant Waida was acting under the color of state law when he crashed into Ms. Boursiquot's vehicle.

31.     Trooper Christopher Ruiz responded to the crash caused by Defendant Waida; and in responding, did not violate traffic laws and did not utilize lights and sirens even though it was a severe crash with Ms. Boursiquot being found unconscious in her vehicle.

32.     No reasonably competent official could conclude that the actions of Defendant Waida described herein did not violate Ms. Boursiquot's constitutional rights.

33. No reasonably prudent police officer/state trooper, under similar circumstances, could have believed that Defendant Waida's conduct was justified or reasonable.

34. There was absolutely no emergency for Defendant Waida to respond to and there was no one that needed any nature of rushed assistance.

35. In fact, when the Police did arrive at the location of the "vehicles blocking the roadway" that Defendant Waida was responding to, the vehicles had cleared and there was no incident to assist.

36. An ambulance transferred Ms. Boursiquot to Lankenau Medical Center where she first regained consciousness after the accident.

37. Ms. Boursiquot suffered catastrophic injuries including numerous fractures and dislocations in her neck and back requiring emergency surgery.

38. Later that evening, Ms. Boursiquot was transferred to Jefferson Hospital, where she stayed until June 29, 2020.



*Ms. Boursiquot in the Hospital after the Crash*

39.     As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness and/or other liability-producing conduct of the PSP and Defendant Waida, Ms. Boursiquot suffered devastating, severe, and permanently disabling injuries, including but not limited to (i) traumatic brain injury; (ii) numerous fractures and dislocations of the cervical spine, (iii) numerous fractures of the lumbar spine, (iv) numerous herniated disks, (v) central spinal cord syndrome, (vi) shoulder injuries and other orthopedic injuries.

40.     As a direct result of the carelessness, negligence, gross negligence, recklessness and/or other liability-producing conduct of the PSP and Defendant Waida, Ms. Boursiquot required, and will continue to require, surgeries, medicines, medical care and treatment, and was caused to incur, and will continue to be caused to incur, medical expenses for care and treatment.

41.     As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness and/or other liability-producing of the PSP and Defendant Waida, Ms. Boursiquot suffered, and will continue to suffer, agonizing aches, pain, distress, anxiety, and mental anguish.

42.     As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness and/or other liability-producing conduct of the PSP and Defendant Waida, Ms. Boursiquot has sustained a loss of the enjoyment of life, life's pleasures and life's hedonic pleasures past, present and future.

43.     As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness and/or other liability-producing conduct of the PSP and Defendant Waida, Ms. Boursiquot has been prevented, and will be prevented in the future, from performing her usual duties, activities, occupations, and avocations, and has suffered a loss of earnings and a loss of earning capacity.

44.     Ms. Boursiquot's injuries were the direct and proximate result of the negligence, gross negligence, carelessness, recklessness and/or any other liability-producing conduct of the PSP and Defendant Waida, and in no way were contributed to by Ms. Boursiquot.

45.     PSP and Defendant Waida are jointly and severally liable for Ms. Boursiquot's injuries and damages.

**COUNT I – NEGLIGENCE**
**PLAINTIFF MARIE BOURSIQUOT v. PENNSYLVANIA STATE POLICE**

46.     All preceding paragraphs are incorporated as though fully set forth at length herein.

47.     The claims in this count are brought pursuant to the exceptions to sovereign immunity established by 42 Pa.C.S.A. § 8522(b)(1).

48.     Defendant, PSP itself and through its agent and/or employee, Defendant Waida, were jointly and severally careless, negligent and/or reckless in the following respects:

    a.   failure to exercise reasonable care and caution under the circumstances at issue;

    b.   negligent operation of its motor vehicle;

    c.   reckless operation of its motor vehicle;

    d.   failure to follow traffic laws;

    e.   unsafe operation of its motor vehicle;

    f.   excessive speeding while operating its motor vehicle;

    g.   failure to have proper policies and procedures in place to address emergency and non-emergency responses by State Police Troopers;

    h.   failure to train and supervise Defendant Waida regarding motor vehicle operation when responding to non-emergency incidents;

    i.   failure to train and supervise Defendant Waida regarding motor vehicle operation when responding to emergency incidents

    j.   failure to properly code the priority of the call for a vehicles in the roadway;

    k.   failure to train and supervise dispatch on proper coding for vehicles in the roadway;

    l.   failure to exercise reasonable care and caution in the operation of the PSP vehicle in PSP's care, custody, and control;

    m.   failure to have proper policies and procedures in place to address the operation of the PSP vehicle in PSP's care, custody, and control;

    n.   failure to train and supervise Defendant Waida with respect to the operation of the PSP

Case ID: 220101469

vehicle in PSP's care, custody, and control;

o.   Failing to maintain the PSP vehicle in proper mechanical condition that would have allowed it to stop or avoid the impact;

p.   failure to exercise reasonable care and caution in the operation of the PSP vehicle in Defendant Waida's care, custody, and control as an employee of PSP;

q.   failure to have PSP vehicle under proper and adequate control as to not endanger the general public including Ms. Boursiquot;

r.   failure to operate the PSP vehicle in accordance with the laws and regulations of the Commonwealth, including obeying speed limits and driving on the correct side of the road;

s.   failure to have proper policies and procedures in place to address vehicle operation in accordance with the laws and regulations of the Commonwealth in reasonable and safe manner, including not allowing troopers to drive at excessive speeds on the wrong side of the road;

t.   failure to train and supervise Defendant Waida with respect to those policies regarding vehicle operation in accordance with the laws and regulations of the Commonwealth, including driving at excessive speeds on the wrong side of the road;

u.   Permitting an inadequately trained and inexperienced Trooper to engage in a high speed incident response;

v.   Failing to properly instruct its supervisor officers in the appropriate method of overseeing motor vehicle responses

w.   failure to exercise reasonable care and caution in responding to non-emergency calls;

x.   failure to require and utilize sirens in order to exercise reasonable care and caution in alerting motorists of the PSP vehicle while driving at excessive speeds on the wrong side of the road; and

y.   otherwise failing to regard the rights, safety, and property of Ms. Boursiquot including,

but not limited to, the appropriate and supporting sections of the Constitution, the Commonwealth of Pennsylvania Motor Vehicle Code; and the policies and procedures the PSP had or should have had in effect at the time of this collision;

49.     By reason of Defendant, PSP's carelessness, negligence, gross negligence and reckless conduct, Ms. Boursiquot sustained serious and permanent disabling personal injuries, including those set forth above.

50.     By conducting itself as set forth above, Defendant's acts and/or omissions were substantial factors and/or factual causes and/or increased the risk of harm to Ms. Boursiquot.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

### COUNT II – NEGLIGENCE
### PLAINTIFF MARIE BOURSIQUOT v. JOHN A. WAIDA

51.     All preceding paragraphs are incorporated as though fully set forth at length herein.

52.     The claims in this count are brought pursuant to the exceptions to sovereign immunity established by 42 Pa.C.S.A. § 8522(b)(1).

53.     Defendant, Defendant Waida, was jointly and severally careless, negligent and/or reckless in the following respects:

    a.  Operating the vehicle at an excessive rate of speed under the circumstances;

    b.  Failing to maintain a safe speed for the traffic and road conditions then and there existing;

    c.  Traveling at an unsafe speed for the traffic and vehicular conditions then and there existing;

    d.  Failing to watch or look where the vehicle was traveling;

e.   Failing to watch the road in front of the vehicle;

f.   Failing to observe traffic and vehicular conditions then and there existing;

g.   Failing to maintain a proper and safe lookout for traffic and road conditions then there existing;

h.   Failing to have the vehicle under proper control;

i.   Failing to maintain proper and safe control of the motor vehicle;

j.   Failing to safely and properly operate the motor vehicle;

k.   Operating the vehicle so as to be unable to stop within the assured clear distance ahead;

l.   Failing to stop and maintain an assured clear distance;

m.   Failing to avoid the accident by applying breaks;

n.   Failing to use emergency sirens when traveling at dangerous speeds;

o.   Failing to operate his vehicle in the proper lane of travel;

p.   Operating the vehicle in such a reckless, careless, and grossly negligent manner so as to cause or allow the vehicle to strike another vehicle;

q.   Failing to avoid the accident by changing the direction of the vehicle;

r.   Operating the vehicle in violation of the Pennsylvania Motor Vehicle Code;

s.   Striking Plaintiff's vehicle;

t.   Failure to properly respond to non-emergent calls;

u.   Failure to obtain proper training on motor vehicle operation; and

v.   Failure to adhere to policies and procedures regarding motor vehicle responses to incidents, including non-emergencies.

54.     By reason of Defendant, Defendant Waida's carelessness, negligence, gross negligence and reckless conduct, Ms. Boursiquot sustained serious and permanent disabling personal injuries, including those set forth above.

55.     By conducting himself as set forth above, Defendant's acts and/or omissions were substantial factors and/or factual causes and/or increased the risk of harm to Ms. Boursiquot.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

**COUNT III – STATE CREATED DANGER**
**PLAINTIFF MARIE BOURSIQUOT v. JOHN A. WAIDA INDIVUDALLY**

48.     All preceding paragraphs are incorporated as though fully set forth at length herein.

49.     Defendant Defendant Waida, individually, caused a state created danger in the following respects:

a.   First, Ms. Boursiquot's catastrophic injuries, including a fractured neck that required emergency surgery, was a foreseeable and direct harm of Defendant Waida's reckless actions because:

  i.   this harm was foreseeable because Defendant Waida had an awareness of the risk of traveling at excessive speeds down the wrong lane of Belmont Ave without his siren on; and

  ii.   this harm was directly caused by Defendant Waida's actions because Ms. Boursiquot's vehicle was struck by Defendant Waida's PSP vehicle with such a force that her vehicle rolled over four times.

b.   Second, Defendant Waida's actions shock the conscious because:

  i.   Defendant Waida walked slowly and deliberately to his PSP vehicle;

  ii.   Defendant Waida chose to drive at excessive speeds;

  iii.   Defendant Waida chose to drive at excessive speeds on the wrong side of the road;

  iv.   Defendant Waida chose to drive at excessive speeds on the wrong side of the road without utilizing his sirens;

  v.   Defendant Waida chose to drive at excessive speeds on the wrong side of the

road without utilizing his sirens with a deliberate indifference toward the substantial risk of crashing into another vehicle and causing serious harm; and

vi.  Defendant Waida chose to drive at excessive speeds on the wrong side of the road without utilizing his sirens with a deliberate indifference toward the actual risk of crashing into Ms. Boursiquot's vehicle and causing her serious harm when her vehicle rolled over four times.

vii.  Defendant Waida violated PSP policies regarding incident responses; and

viii.  Defendant Waida violated numerous sections of Title 75 of the Vehicle Code including but not limited to, speed limits, lanes of travel, and emergency responses by emergency vehicles.

c.  Third, Ms. Boursiquot was a foreseeable victim because she was a driver on the intersection of the road that Defendant Waida was driving on at excessive speeds, without his sirens engaged to warn nearby drivers of his vehicle's arrival in the intersection.

d.  Fourth, Defendant Waida's affirmative act was the but-for cause of Ms. Boursiquot's injuries because:

i.  Defendant Waida made the affirmative decision to drive his PSP vehicle;

ii.  Defendant Waida's affirmative actions of driving his PSP vehicle through the intersection at excessive speeds without utilizing his siren and crashing into Ms. Boursiquot's vehicle caused Ms. Boursiquot's vehicle to roll over four times, and Defendant Waida's affirmative actions is the but-for cause of Ms. Boursiquot's injury;

iii.  Ms. Boursiquot's injuries, including numerous fractures and dislocations in her cervical and lumbar spine that required hospitalization and emergency surgery, limited Ms. Boursiquot's freedom of action; and

iv.  Defendant Waida's affirmative action was the but-for cause of Ms.

Boursiquot's injuries that limited her freedom of action.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, delay damages pursuant to Pa.R.C.P. 238, attorney fees, interest and allowable costs of suit and brings this action to recover same.

### COUNT IV – 42 U.S.C. §1983
### PLAINTIFF MARIE BOURSIQUOT v. JOHN A. WAIDA, INDIVUDALLY AND IN HIS OFFICIAL CAPACITY

50.     All preceding paragraphs are incorporated as though fully set forth at length herein.

51.     Defendant Waida, individually, was acting under the color of state law while exercising the authority that PSP gave him as an employee of the state agency because he was performing his duty as a state trooper to respond to a non-emergency call in his PSP vehicle.

52.     Defendant, Defendant Waida's actions were wrongful, malicious, and reckless in depriving Marie Boursiquot of her constitutional rights.

53.     Defendant, Defendant Waida failed to act as an objectively reasonable officer would have acted in the same or similar circumstances.

54.     Defendant, Defendant Waida, without legal or necessary justification or the need to do so, used excessive and deadly force as described above and caused serious bodily injury.

55.     Defendant, Defendant Waida, without legal or necessary justification or the need to do so, used excessive and deadly force by driving more than double the speed limit in the wrong lane of travel when responding to a non-emergency at the time he slammed into Plaintiff's vehicle.

56.     While acting under the color of state law, Defendant Waida deprived Ms. Boursiquot of her procedural due process rights in violation of the Fourteenth Amendment when he did not use constitutionally adequate procedures to deprive her of her right to life and liberty when:

    e.   Defendant Waida's vehicle struck her car with such force that Ms. Boursiquot's car rolled over four times;

    f.   Ms. Boursiquot had to be hospitalized for a week; and

    g.   she continues to suffer from her catastrophic injuries which prevent her from performing her usual duties, activities, occupations, and avocations.

57.    While acting under the color of state law, Defendant Waida deprived Ms. Boursiquot of her substantive due process rights in violation of the Fourteenth Amendment when he engaged in conscious-shocking conduct with deliberate indifference including:

    h.   walking slowly and deliberately to his PSP vehicle;

    i.   then speeding in excess of 80 mph on Belmont Avenue, where the speed limit was 35mph;

    j.   disregarding and violating State Police Policies on responding to non-emergencies

    k.   disregarding and violating State Police Policies on using sirens;

    l.   disregarding and violating Title 75 of the Motor Vehicle Code;

    m.  operating the motor vehicle in the opposite lane of travel at more than double the speed limit while responding to a non-emergency;

    n.   driving on the wrong side of the road without utilizing sirens; and

    o.   driving 81mph without sirens on Belmont Avenue right before the collision.

58.    Defendant Waida violated clearly established law in Pennsylvania, specifically Title 75 of the Vehicle Code including but not limited to, speed limits, lanes of travel, and emergency responses by emergency vehicles.

59.    Defendant Waida violated PSP departmental protocols regarding incident responses.

60.    Defendant Waida directly participated in the violation of Ms. Boursiquot's procedural and substantive due process rights, which are protected under the Fourteenth Amendment.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, delay damages pursuant to Pa.R.C.P. 238, interest, attorney fees, and

allowable costs of suit and brings this action to recover same.

## COUNT V – 42 U.S.C §1983 EXCESSIVE FORCE
### PLAINTIFF MARIE BOURSIQUOT v. JOHN A. WAIDA INDIVUDALLY AND IN HIS OFFICIAL CAPACITY

48.    All preceding paragraphs are incorporated as though fully set forth at length herein.

49.    Defendant, Defendant Waida's actions on the occasion in question were wrongful, malicious and reckless in depriving Ms. Boursiquot of her constitutional rights.

50.    Defendant Waida failed to act as an objectively reasonable Trooper would have acted in the same or similar circumstances.

51.    Defendant Waida, without legal or necessary justification or the need to do so, used excessive and deadly force as described above and caused catastrophic injuries to Ms. Boursiquot.

52.    Defendant Waida, without legal or necessary justification or the need to do so, used excessive and deadly force by operating his vehicle on the public roadway at more than double the posted speed limit (81 mph), in the wrong direction of travel, and without a siren when he crashed into Ms. Boursiquot.

53.    Defendant Waida denied Ms. Boursiquot's right to be free from the use of excessive force in violation of the Fourth Amendment to the United States Constitution.

54.    The force used by Defendant Waida was objectively unnecessary, excessive and unreasonable under the circumstances, as two vehicles blocking the roadway did not pose any threat or harm to the safety of the public, the safety of troopers, or anyone.

55.    Defendant Waida embarked on a willful, malicious, reckless and outrageous course of conduct that was intended to cause and, in fact did cause Ms. Boursiquot permanent and debilitating injuries as set forth above.

56.    Defendant Waida violated clearly established law in Pennsylvania, specifically Title 75 of the Vehicle Code including but not limited to, speed limits, lanes of travel, and emergency responses by

emergency vehicles.

57. Defendant Waida violated PSP departmental protocols regarding incident responses.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, delay damages pursuant to Pa.R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

### COUNT VI – ASSAULT AND BATTERY
### PLAINTIFF MARIE BOURSIQUOT v. JOHN A. WAIDA INDIVUDALLY AND IN HIS OFFICIAL CAPACITY

58. All preceding paragraphs are incorporated as though fully set forth at length herein.

59. As described in this Complaint, Defendant Defendant Waida, while acting within the course and scope of his duties as a PSP Trooper, without provocation, warrant, necessary, or legal justification, assaulted and battered Ms. Boursiquot by slamming his PSP vehicle into Ms. Boursiquot's vehicle causing her vehicle to roll four times.

60. As a result of Defendant Waida's assault and battery, Ms. Boursiquot suffered excruciating physical and emotional injuries, loss of life and enjoyment of life, and seeks all available damages under the law.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, punitive or exemplary damages, delay damages pursuant to Pa.R.C.P. 238, interest, attorney fees, and allowable costs of suit and brings this action to recover same.

**SALTZ MONGELUZZI & BENDESKY P.C.**

BY: */s/ Larry Bendesky*
 LARRY BENDESKY
 ROBERT W. ZIMMERMAN
 JORDAN L. HOWELL

Case ID: 220101469

Vinesign Document ID: 4687ADCC-CC75-4A5C-95C4-4D1E28B27C63

## **VERIFICATION**

The averments or denials of fact contained in the foregoing document are true based upon the signer's personal knowledge or information and belief.  If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true.  This Verification is made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

MARIE BOURSIQUOT

Case ID: 220101469