**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| MARIE BOURSIQUOT, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-603 |
| | : | |
| PENNSYLVANIA STATE POLICE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

## COMMONWEALTH DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Pennsylvania State Police and John Waida, (hereinafter "Commonwealth Defendants"), by counsel, answers Plaintiff's Complaint as follows:

### PARTIES

1.  After reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and proof thereof is demanded.

2.  Admitted.

3.  To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  Admitted only to the extent that PSP has a Troop K, with the address of 2201 Belmont Avenue, Philadelphia, PA  19131.  To the extent that there are any other remaining factual allegations, denied.

4.  Admitted.

5.  To the extent that the allegations contained in this paragraph constitute

conclusions of law, no response is required.  Admitted only to the extent that Defendant Waida is an employee and State Trooper of PSP.  To the extent that there are any other remaining factual allegations, denied.

6.   To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  Admitted to the extent that Defendant Waida was acting within the course and scope of his employment as a State Trooper for the PSP.  To the extent that there are any other remaining factual allegations, denied.

7.   To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  Admitted to the extent that Defendant Waida was acting within the course and scope of his employment as a State Trooper for the PSP.  To the extent that there are any other remaining factual allegations, denied.

8.   To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  Admitted to the extent that the events that form the basis of this lawsuit occurred in Philadelphia County.  To the extent that there are any other remaining factual allegations, denied.

9.   Denied.

10.  Denied.

## PSP DIRECTIVES

11. To the extent this paragraph purports to summarize the contents of a writing, which speaks for itself; any characterizations inconsistent therewith are denied.

12. To the extent this paragraph purports to summarize the contents of a writing, which speaks for itself; any characterizations inconsistent therewith are denied.

13. To the extent this paragraph purports to summarize the contents of a writing,

which speaks for itself; any characterizations inconsistent therewith are denied.

14. To the extent this paragraph purports to summarize the contents of a writing, which speaks for itself; any characterizations inconsistent therewith are denied.

15. To the extent this paragraph purports to summarize the contents of a writing, which speaks for itself; any characterizations inconsistent therewith are denied.

16. To the extent this paragraph purports to summarize the contents of a writing, which speaks for itself; any characterizations inconsistent therewith are denied.

## FACTUAL BACKGROUND

17. After reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and proof thereof is demanded.

18. After reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and proof thereof is demanded.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Admitted.

24. To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  As to the remaining allegations, denied.

25. Denied.

26. Denied.

27. Denied.

28. To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  As to the remaining allegations, denied.

29. After reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and proof thereof is demanded.

30. To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  Admitted to the extent that Defendant Waida was acting within the course and scope of his employment as a State Trooper for the PSP.  To the extent that there are any other remaining factual allegations, denied.

31. Denied.

32. To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  As to the remaining allegations, denied.

33. To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  As to the remaining allegations, denied.

34. Denied.

35. After reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and proof thereof is demanded.

36. After reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and proof thereof is demanded.

37. After reasonable investigation, Commonwealth Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and proof thereof is demanded.

38. After reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and proof thereof is demanded.

39. To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  As to the remaining allegations, after reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and proof thereof is demanded.

40. To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  As to the remaining allegations, after reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and proof thereof is demanded.

41. To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  As to the remaining allegations, after reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and proof thereof is demanded.

42. To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  As to the remaining allegations, after reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form

a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and proof thereof is demanded.

43. To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  As to the remaining allegations, after reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and proof thereof is demanded.

44. To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  As to the remaining allegations, denied.

45. To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  As to the remaining allegations, denied.

## COUNT I – NEGLIGENCE
## PLAINTIFF MARIE BOURSIQUOT v. PENNSYLVANIA STATE POLICE

46. Commonwealth Defendants incorporate their responses to the previous paragraphs as if set forth herein.

47. To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  To the extent that any factual allegations remain, denied.

48. (a-y, inclusive)  To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  As to the remaining allegations, denied.

49. To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  As to the remaining allegations, after reasonable investigation, Commonwealth Defendants are without knowledge or information sufficient to form

6

a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and proof thereof is demanded.

50. To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required. As to the remaining allegations, denied.

Wherefore Commonwealth Defendants respectfully request that Plaintiff's Complaint be dismissed and that judgment be entered in their favor.

## COUNT II – NEGLIGENCE
## PLAINTIFF MARIE BOURSIQUOT v. JOHN A. WAIDA

51. Commonwealth Defendants incorporate their responses to the previous paragraphs as if set forth herein.

52. To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required. To the extent that any factual allegations remain, denied.

53. (a-v, inclusive)  To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  As to the remaining allegations, denied.

54. To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  As to the remaining allegations, denied.

55. To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  The remaining allegations are denied.

Wherefore Commonwealth Defendant respectfully request that Plaintiff's Complaint be dismissed and that judgment be entered in their favor.

## COUNT III – STATE CREATED DANGER
## <u>PLAINTIFF MARIE BOURSIQUOT V. JOHN A. WAIDA INDIVIDUALLY</u>

56. (improperly captioned as "48")  Commonwealth Defendants incorporate their responses to the previous paragraphs as if set forth herein.

57. (improperly captioned as "49")  (inclusive of a-d, and subparts)  To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required. As to the remaining allegations, denied.

Wherefore Commonwealth Defendant respectfully request that Plaintiff's Complaint be dismissed and that judgment be entered in their favor.

## COUNT IV – 42 U.S.C. §1983
## PLAINTIFF MARIE BOURSIQUOT V. JOHN A. WAIDA, INDIVIDUALLY
## <u>AND IN HIS OFFICIAL CAPACITY</u>

58. (improperly captioned as "50")  Commonwealth Defendants incorporate their responses to the previous paragraphs as if set forth herein.

59. (improperly captioned as "51")  To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  Admitted to the extent that Defendant Waida was acting within the course and scope of his employment as a PSP Trooper for Defendant PSP.  To the extent that there are any other remaining factual allegations, denied.

60. (improperly captioned as "52")  To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  To the extent that there are any other remaining factual allegations, denied.

61. (improperly captioned as "53")  To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  To the extent that there are any other remaining factual allegations, denied.

62.  (improperly captioned as "54")  To the extent that the allegations contained in

This paragraph constitute conclusions of law, no response is required.  The remaining allegations are denied.

63.  (improperly captioned as "55")  To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  The remaining allegations are denied.

64.  (improperly captioned as "56")  (inclusive of e-g) To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  Admitted only to the extent that Defendant Waida was acting within the course and scope of his employment as a State Trooper for the PSP.  The remaining allegations are denied.

65. (improperly captioned as "57")  (inclusive of h-o)  To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  The remaining allegations are denied.

66. (improperly captioned as "58")  To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  The remaining allegations are denied.

67. (improperly captioned as "59")  Denied.

68. (improperly captioned as "60")   To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  To the extent that there are any remaining allegations, denied.

Wherefore Commonwealth Defendant respectfully request that Plaintiff's Complaint be dismissed and that judgment be entered in their favor.

**COUNT V – 42 U.S.C. §1983 EXCESSIVE FORCE**
**PLAINTIFF MARIE BOURSIQUOT V. JOHN A. WAIDA, INDIVIDUALLY**
<u>**AND IN HIS OFFICIAL CAPACITY**</u>

69. (improperly captioned as "48")  Commonwealth Defendants incorporate their responses to the previous paragraphs as if set forth herein.

70. (improperly captioned as "49")  To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  The remaining allegations are denied.

71. (improperly captioned as "50")  To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  To the extent that any factual allegations remain, denied.

72. (improperly captioned as "51")  To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  The remaining allegations are denied.

73. (improperly captioned as "52")  To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  The remaining allegations are denied.

74. (improperly captioned as "53")  To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  To the extent that there are any remaining allegations, denied.

75. (improperly captioned as "54")  To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  The remaining allegations are denied.

76. (improperly captioned as "55")  To the extent that the allegations contained in

this paragraph constitute conclusions of law, no response is required.  The remaining allegations are denied.

77. (improperly captioned as "56") To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  The remaining allegations are denied.

78. (improperly captioned as "57") Denied.

Wherefore Commonwealth Defendant respectfully request that Plaintiff's Complaint be dismissed and that judgment be entered in their favor.

## COUNT VI – ASSAULT AND BATTERY
## PLAINTIFF MARIE BOURSIQUOT V. JOHN A. WAIDA INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

79. (improperly captioned as "58") Commonwealth Defendants incorporate their responses to the previous paragraphs as if set forth herein.

80. (improperly captioned as "59") To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  Admitted only to the extent that Defendant Waida was acting within the course and scope of his employment as a State Trooper for the PSP.  The remaining allegations are denied.

81. (improperly captioned as "60") To the extent that the allegations contained in this paragraph constitute conclusions of law, no response is required.  The remaining allegations are denied.

Wherefore Commonwealth Defendant respectfully request that Plaintiff's Complaint be dismissed and that judgment be entered in their favor.

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred in whole or in part by the doctrine of qualified immunity.

3.      Plaintiff's claims are barred in whole or in part by the doctrine of sovereign immunity.

4.      Trooper Waida was, at all times, acting within the course and scope of his employment as a State Trooper for the Pennsylvania State Police.

5.      As a Commonwealth employee acting within the scope of his duties, Waida is thus a "Commonwealth party" as defined by 42 Pa. C.S. §8501.

6.      Trooper Waida did not engage in willful and wanton conduct that would give rise to an award of punitive damages.

7.      The Commonwealth Defendant asserts all defenses available to it under the Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.A. §1701, et seq., and any successor statute and claims any defenses which may be available pursuant to said Act.

8.      Defendant Pennsylvania State Police is immune from claims grounded upon negligent supervision or employment.

9.      The Judicial Code at 42 Pa. C.S. §5522(a), which section is incorporated herein and pled by reference, provides that the Commonwealth Defendant and the Attorney General must have received written notice of intent to sue within six (6) months from the date the cause of action accrues.  In the absence of such notice, this action is barred.

10.     Should liability be found on the part of the Commonwealth Defendants, the amounts and types of damages recoverable in the present action are limited and controlled by 42 Pa. C.S. §8528.

11.     Conduct on the part of Plaintiff caused or contributed to the occurrence of the accident, including, but not limited to, Plaintiff's failure to follow the applicable traffic code, and, as such, Plaintiff should be barred from recovery, or, in the event that Plaintiff is entitled to recovery, the amount of damages otherwise recoverable should be diminished in the proportion to which the culpable conduct attributable to Plaintiff bears to the culpable conduct which caused the damages.

12.     Trooper Waida, in his official capacity, is not a "person" amenable to liability under Section 1983.

13.     Trooper Waida's actions were objectively reasonable under the circumstances and in all respects consistent with the Fourth and Fourteenth Amendments.

14.     Commonwealth Defendants reserve the right to amend the affirmative defenses to reflect the evidence produced in discovery and/or at trial.

Dated: March 9, 2022                    Respectfully submitted,

                                        JOSH SHAPIRO
                                        Attorney General

COMMONWEALTH OF PENNSYLVANIA     BY: /s/ Sarina Kaplan
OFFICE OF ATTORNEY GENERAL       SARINA KAPLAN (Pa. No. 209738)
The Phoenix Building             Deputy Attorney General
1600 Arch St., 3rd Floor
Philadelphia, PA 19103
Telephone:  (267) 768-3964       KAREN M. ROMANO
Fax:  (717) 772-4526             Chief Deputy Attorney General
skaplan@attorneygeneral.gov      Civil Litigation Section

13

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARIE BOURSIQUOT, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-603 |
| | : | |
| PENNSYLVANIA STATE POLICE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on this day, I caused a true and correct copy of the foregoing Answer to

Plaintiff's Complaint be served on all counsel of record via the Court's ECF system.

Dated: March 9, 2022                               /s/ Sarina Kaplan
                                                                   Sarina Kaplan

14